UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JESSE SWANSBROUGH,

       Plaintiffs,                                    Hon. Gordon J. Quist

v.                                                          Case No. 1:14-CV-1246

MICHAEL MARTIN, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on Defendant's Motion for Summary Judgment, (dkt. #14), and Plaintiff's Motion for Summary Judgment, (dkt. #20). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **denied** and Plaintiff's motion be **denied**.

## BACKGROUND

       Plaintiff initiated this action on December 4, 2014, against: (1) Michael Martin, Michigan Department of Corrections Special Activities Coordinator; and (2) Donald Tomkins, Chaplain at the Lakeland Correctional Facility. Plaintiff makes the following allegations in his complaint.

       In April or May 2012, Defendant Tomkins administered to Plaintiff a "religious diet test." This test was part of the process by which prison officials determined whether to approve Plaintiff's request to participate in the prison's religious meal program. By way of memorandum, dated November 4, 2013, Plaintiff's request to participate in the religious meal program was denied. Plaintiff alleges that the decision to deny his religious diet request was made by Defendants Martin and Tomkins. While such are not clearly articulated, the Court has interpreted Plaintiff's allegations as asserting a violation

of his First Amendment right to freely practice his religion. Defendant Tomkins now moves for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies. Plaintiff also moves for summary judgment.

## **LEGAL STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of

the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth

Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Defendant Tomkins' Motion for Summary Judgment**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The grievance policy provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R. The prisoner must submit the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ V.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

On November 12, 2013, Plaintiff submitted grievance KCF-13-11-1198-20e in which he alleged that his request to participate in the religious meal program was denied by Defendants Martin

and Tomkins. (Dkt. #1 at PageID #7; Dkt. #15, Exhibit 2). Defendants concede that Plaintiff pursued this grievance through all three steps of the grievance process. Defendant Martin concedes that Plaintiff's claim against him is, therefore, properly exhausted. Defendant Tomkins, however, asserts that Plaintiff's claim against him must be dismissed on exhaustion grounds.

Defendant Tomkins argues that because he administered the religious diet test to Plaintiff in April or May of 2012, the aforementioned grievance, initiated in November 2013, is untimely. This argument is rejected. First, the Court fails to discern how Plaintiff could have known that there existed a potentially grievable issue against Defendant Tomkins before receiving the November 4, 2013 memorandum informing him that his religious meal request had been denied. Neither common sense, nor Michigan Department of Corrections policy, obligates a prisoner to submit a grievance before even becoming aware of the existence of a grievable issue.

Furthermore, even if the Court assumes that the grievance in question was untimely, it was not rejected as untimely but was instead addressed (and denied) on the merits. Where prison officials decline to enforce a procedural rule, such as timeliness, regarding the proper submission of grievances, dismissal by this Court for failure to comply with the procedural rule in question is not appropriate. *See, e.g., Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010) ("[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise defaulted claims on the merits, so as a general rule will we"); *Maxwell v. Correctional Medical Services, Inc.*, 538 Fed. Appx. 682, 689 (6th Cir., Sept. 19, 2013) (court declined to find a grievance was untimely filed where prison officials did not deny the grievance as untimely). As Defendant Tomkins has not satisfied his burden to obtain relief on the ground that Plaintiff failed to properly exhaust administrative remedies, the undersigned recommends that Defendant Tomkins' motion for summary judgment be **denied**.

## II.        Plaintiff's Motion for Summary Judgment

As noted above, where a plaintiff moves for summary judgment on a claim on which he bears the burden at trial, he must present evidence "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Plaintiff has failed, however, to submit any evidence in support of his motion for summary judgment. Instead, Plaintiff merely relies on the allegations in his complaint. As Plaintiff has failed to satisfy his burden, the undersigned recommends that Plaintiff's motion for summary judgment be **denied**.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (dkt. #14), be **denied** and Plaintiff's Motion for Summary Judgment, (dkt. #20), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 16, 2015                                  /s/ Ellen S. Carmody
                                                        ELLEN S. CARMODY
                                                        United States Magistrate Judge