UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE SWANSBROUGH,

       Plaintiff,                        Hon. Gordon J. Quist

v.                                          Case No. 1:14-CV-1246

MICHAEL MARTIN, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (Dkt. #22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics*

*Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff initiated the present action alleging that Defendants improperly denied his request to participate in the prison's religious meal program thereby violating his First Amendment rights. Plaintiff now requests that the Court enter an Order "plac[ing] him on his religious diet." Plaintiff's request fails for several reasons. First, Plaintiff has failed to demonstrate that he is likely to prevail in this matter. Plaintiff has also failed to establish that his legal remedies are insufficient to remedy any injury he might have suffered as a result of Defendants' decision denying his request to participate in the religious meal program. Finally, the public interest is not served by judicial interference in the management of a correctional institution in the absence of evidence justifying such. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction, (dkt. #22), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date: November 16, 2015                             /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge