UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JESSE SWANSBROUGH #489222,

    Plaintiff,

v.                                                                 Case No. 1:14-CV-1246

MICHAEL MARTIN, et al.,                        HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, a state prisoner confined with the Michigan Department of Corrections (MDOC), filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants, alleging that at some unspecified time, he requested that he be placed on the religious diet for the Muslim faith. Defendant Tompkins administered the "Muslim Religious Diet Test" to Plaintiff in April or May 2012, and Defendant Martin denied Plaintiff's request on November 4, 2013. Defendants moved for summary judgment, arguing that Tompkins lacked the requisite personal involvement in the decision to deny Plaintiff's request. In addition, Defendants Tompkins and Martin both argued that they are entitled to qualified immunity.

On October 4, 2016, Magistrate Judge Ellen Carmody issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion. Construing Plaintiff's claim as one for violation of his First Amendment right to freely practice his religion, the magistrate judge concluded that, based on an application of the factors set forth in *Turner v. Safley*, 482 U.S. 78, 107 S. Ct. 2254 (1987), Defendants' denial of Plaintiff's request did not violate Plaintiff's First Amendment right to practice his religion. (ECF No. 52 at PageID.238–40.) In particular, the

magistrate judge noted that Defendants denied Plaintiff's request because Plaintiff consumed both non-kosher/halal food and alcohol—behavior inconsistent with the requested diet—and there was a legitimate governmental interest for such action. (*Id.* at PageID.238.) The magistrate judge further stated that prison officials have a legitimate interest in restricting non-adherents from participating in religious diet programs because condoning such behavior could cause resentment among prisoners who adhere to their faith's dietary restrictions. (*Id.* at PageID.238–39.)

Plaintiff has filed an Objection to the R & R, arguing that Defendants are not entitled to summary judgment because Defendants failed to identify their reasons for denying Plaintiff's request at the time they made their decision and because, even if Plaintiff consumed food and alcohol contrary to the Muslim diet, such errors cannot justify precluding Plaintiff from participating in the religious diet because he is still sincere in his faith. (ECF No. 53 at PageID.241–42.) Defendants have also filed an Objection, in which they request that if the Court rejects the R & R, it nonetheless conclude that Defendant Tompkins lacked the requisite personal involvement to be liable under § 1983.

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Plaintiff's complaint dismissed.

With regard to Plaintiff's first argument—that the Court should reject Defendants' belated reasons for denying Plaintiff's request—the Court notes that Plaintiff did not raise this argument in his response to Defendants' motion. In any event, even if Plaintiff had made the argument to the magistrate judge, Plaintiff fails to show that the reasons Defendants cited were not the true reasons

2

for denying Plaintiff's request. In fact, the Religious Menu Diet Request Worksheet, dated November 4, 2013, sets forth the very same reasons for denying Plaintiff's religious diet request that Defendants cite in this litigation. (ECF No. 43-10 at PageID.199.) Plaintiff cites no evidence, other than his grievances and the grievance responses, to support his claim that Defendants fabricated these reasons after the fact. However, the fact that the grievance responses did not set forth the reasons for the denial is not evidence that Defendants—who did not respond to the grievances—simply conjured them up in response to Plaintiff's complaint in this case.

Plaintiff's second argument fails as well. The case Plaintiff cites, *Colvin v. Caruso*, 605 F.3d 282 (6th Cir. 2010), involved a situation in which the plaintiff was removed from the kosher-meal program "for mere possession of a nonkosher food item" that the plaintiff may have never even used. *Id.* at 296. The court stated that, without further factual development, it could not "definitively concluded that [the prison's] strict application of its kosher-meal policies to Colvin was constitutional." *Id.* at 297. The instant case, in contrast to *Colvin*, does not involve the application of a strict zero-tolerance religious meal policy. Instead, Plaintiff does not dispute that, on numerous occasions, he consumed non-kosher/halal food or that he consumed alcohol, both of which are inconsistent with Muslim dietary restrictions. *See*, *e.g.*, *Berryman v. Granholm*, 343 F. App'x 1, 6 (6th Cir. 2009). Accordingly, the magistrate judge did not err in recommending that the Court grant Defendants' motion.

In light of the Court's rejection of Plaintiff's Objection, the Court need not address Defendants' Objection.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued October 4, 2016 (ECF No. 52) is **ADOPTED** as the Opinion of the Court.

3

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 42) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

A separate judgment will enter.

This case is **concluded**.

Dated:  January 6, 2017                                              /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                                           UNITED STATES DISTRICT JUDGE